# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

QUENTIN DOOLEY,

    Plaintiff,

v.

DR. HEINS; and DR. BROOME,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-49

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 1983, alleging that prison staff and officials were deliberately indifferent to his serious medical needs while he was incarcerated at Smith State Prison ("SSP") in Glennville, Georgia, and while undergoing a medical procedure at Georgia State Prison ("GSP") in Reidsville, Georgia. Doc. 8 at 5. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities. However, after the requisite frivolity review, the Court **FINDS** Plaintiff sets forth non-frivolous deliberate indifference claims against each Defendant in their individual capacities. Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendants with a copy of Plaintiff's Amended Complaint, doc. 8, and this Order without prepayment of cost.

## BACKGROUND[1]

Plaintiff filed this action on April 23, 2018. Doc. 1. Plaintiff wrote his initial Complaint by hand, so the Court directed Plaintiff to file the proper prisoner civil rights complaint form.

---

[1] During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Doc. 5 at 4. Plaintiff filed an Amended Complaint on June 21, 2018 using the proper forms, and the Court treats Plaintiff's Amended Complaint as the operative Complaint. Doc. 8. Plaintiff contends Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Id. at 5.

Plaintiff traveled from SSP to GSP on March 17, 2016 to undergo surgery on his leg. Id. In the surgical unit, Dr. Heins performed an operation to remove metal plates and screws on Plaintiff's left leg. Id. However, Dr. Heins stopped the surgery because he did not have the proper equipment. Id. Plaintiff's leg was wrapped up with bandages, and he stayed in the medical dorm at GSP. Id. After a few days, Plaintiff returned to SSP where he stayed overnight. Id. The next day, Plaintiff traveled to Augusta State Medical Prison where he had been referred; however, the prison denied his referral, and Plaintiff was returned to GSP the same day. Id. He stayed in the medical unit at GSP for nearly two months until Dr. Heins completed the procedure on Plaintiff's leg on May 19, 2016. Id. After the surgery, Dr. Heins told Plaintiff all the hardware in his leg had been removed. Id. Plaintiff had a follow-up appointment three weeks after the second surgery but was not shown his x-rays, which he requested to see "as proof of removal" of the plates and screws. Id. Plaintiff was never given physical therapy after the leg procedure. Id.

Plaintiff wrote to the Medical Director, Dr. Broome, to complain about pain in his leg. Id. He also asked to be seen by a doctor during sick calls. Id. at 6. On July 10, 2016, Plaintiff was housed in the Tier II segregation unit, during which time he received no pain medication. Id. Plaintiff had another surgery on September 15, 2016, also performed by Dr. Heins, to remove bullet fragments from a different part of his body. Id. In the wake of the September surgery, Plaintiff received "no follow-ups, no physical therapy and no pain medication." Id. at 9.

In December 2016, Plaintiff saw Dr. Heins again, and Plaintiff appears to have asked for physical therapy again but was denied. Id. at 6. Plaintiff finally received pain medication in April 2017 by Dr. Wynchell, who prescribed Tylenol. Id. It appears, based on Plaintiff's Amended Complaint, that before April 2017, Plaintiff was not prescribed any pain medication for any of the operations on his leg. Id. Dr. Wynchell also referred Plaintiff to a public hospital to treat a leg infection, which Plaintiff alleges was caused by Dr. Heins' failure to complete his March 2016 operation the first time. Id.

As relief, Plaintiff requests compensatory damages in the amount of $100,000 for his mental anguish and suffering and impairment of his reputation and punitive damages in the amount of $50,000 from Defendants Heins and Broome, jointly and severally. Id. at 10. In his original Complaint, doc. 1 at 2, Plaintiff sues each Defendant in his individual and official capacity; however, in Plaintiff's Amended Complaint, Dr. Heins is sued in his individual capacity and Dr. Broome is sued in his official capacity only, doc. 8 at 2.

**STANDARD OF REVIEW**

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of

4

unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.     Claims Against Defendants in Their Official Capacities**

In his original Complaint, Plaintiff sued Defendants in their official and individual capacities. Doc. 1 at 2. However, in his Amended Complaint, Plaintiff asserts claims against Defendant Heins in his individual capacity and against Defendant Broome in his official capacity. Doc. 8 at 2. Because Plaintiff's Amended Complaint merely supplements Plaintiff's original complaint, rather than completely amend it, the Court construes both pleadings together in determining which Defendants Plaintiff states a claim against and in what capacity. See Faulk v. City of Orlando, 731 F.2d 787, 790–91 (11th Cir. 1984) (construing pro se plaintiff's three pleadings together as one complaint in determining whether plaintiff stated claim). Accordingly, the Court construes Plaintiff's Complaint as asserting claims against both Defendants in their individual and official capacities.

However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S.

706, 712–13 (1999). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees and officers of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendants in their official capacities. Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Therefore, the Court should **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities.

## II.     Deliberate Indifference to Serious Medical Needs

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Ross v. Corizon Med. Servs., 700 F. App'x 914, 916 (11th Cir. 2017) (quoting Estelle, 429 U.S. at 106).

Thus, in order to prove a deliberate indifference to medical care claim, a prisoner must: (1) "satisfy the objective component by showing that [he] had a serious medical need"; (2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and (3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first component, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

Under the second, subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Thus, the subjective component requires an inmate to prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.; Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). Rather, a plaintiff must show more than "a simple difference in medical opinion between the prison's medical staff and the inmate

as to the latter's diagnosis or course of treatment" in order to support a claim of deliberate indifference. Melton, 841 F.3d at 1224 (quoting Harris, 941 F.2d at 1505).

Plaintiff has stated non-frivolous claims against Defendants, in their individual capacities, for deliberate indifference to his serious medical needs related to the quality of care provided. In his Amended Complaint, Plaintiff plausibly alleges he had a serious medical need (pain and infection due to multiple leg surgeries), Defendants knew of this need due to Plaintiff's repeated complaints of pain, and Defendants' treatment did not address Plaintiff's injury. Doc. 8. As alleged, Defendants provided no pain medication in the wake of three separate surgeries. Nor did Defendants provide Plaintiff with another form of treatment, such as physical therapy, which Plaintiff requested. Accordingly, at this stage of review, this is enough to create a non-frivolous showing that Plaintiff did not receive minimally adequate medical care for his needs.

## CONCLUSION

For the above reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants in their official capacities. However, at this stage, taking Plaintiff's allegations as true, the Court **FINDS** Plaintiff alleges non-frivolous deliberate indifference claims against Defendants in their individual capacities. The Court **ORDERS** that a copy of Plaintiff's Amended Complaint, doc. 8, and a copy of this Order shall be served upon Defendants Dr. Heins and Dr. Broome by the United States Marshal without prepayment of cost.

Furthermore, the Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the

Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  Finally, the Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take

the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this</u>

case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly**

**from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does

not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 21st day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA